## HALL *vs.* BRUEN.

*In the matter of the Estate of* THOMAS H. SMITH, *deceased.*

WHERE on an application for an order for the payment of a debt, the claim is contested, and appears to be based upon transactions of a remote date and of a complicated character,—to involve an inquiry into charges of fraud, concealment, falsification of books and accounts,—and is of a purely equitable nature, the Surrogate, in the exercise of the discretionary authority conferred on him by statute, will refuse to try the case, leaving it to the claimant to establish his demand in another Court.

H. M. WESTERN, *for Petitioner.*
W. M. EVARTS, *for Executor.*

THE SURROGATE. The petitioner claiming to have an unsatisfied demand against the testator, obtained an order requiring the executor to show cause why his alleged debt should not be paid. On the return of the order, the demand was contested. The jurisdiction of the Surrogate, where the executor resists the claim, has more than once been considered by me, and from an examination of the provisions of the statute, with the light thrown upon them by the notes of the Revisers, and the decisions of the Chancellor and the late Supreme Court, I became satisfied that the Surrogate possessed authority to pass upon a disputed claim, as well on a final accounting, as in a summary proceeding of this kind. Experience shows, I think, that the possession of this power is convenient and useful for the prompt and economical adjustment of debts, and the early liquidation of an estate, while the want of it would lead to more expensive and protracted litigation elsewhere. I have seen no evils consequent upon its exercise. It has recently been decided by the Supreme Court at a general term held in Albany, that the Surrogate does not possess the jurisdiction in question, and the reasoning

and principles of that decision reach even to a denial of his power to pass upon a contested claim on a final accounting, where the executor or administrator has himself cited the parties before the Court.

In conformity with the permissory language of the statute, and in harmony with the views of the Chancellor, as expressed in the case of *Kidd* vs. *Chapman*, 2 *Barb. C. R.*, 414, I have heretofore held that it was entirely discretionary, whether or not to permit a demand to be litigated before me, for the purpose of determining upon the propriety of ordering its payment.

The case now under consideration is one which, in the exercise of a sound discretion, I ought not to try, and it does not become necessary, therefore, to review my previous decision on the subject of jurisdiction. The claim presented by the petitioner is based upon transactions of a remote date, and involves an inquiry into charges of fraud, concealment, falsification of books and accounts, and matters of a similar kind, alleged to have transpired some twenty-three years since. The claim is very large in amount, and is grounded upon a complex and intricate state of facts. The questions of law raised are of the nicest character, the facts are complicated, and the whole case is of a purely equitable nature. Without looking at its merits, I have examined it so far as to be able to say, that in my judgment, it is not a suit which ought to be litigated here, and in the exercise of the discretion given by the statute, my opinion is the order should be discharged, leaving it to the petitioner to establish the rights he claims in another and more appropriate tribunal.